IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LIZA M. ELIAS, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. No. 12-14 Erie |
| | ) | |
| v. | ) | District Judge McVerry |
| | ) | Magistrate Judge Baxter |
| COMMUNITY RESOURCES FOR | ) | |
| INDEPENDENCE, INC., et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for partial summary judgment for FMLA interference [ECF No. 25] be granted.

### II. REPORT

#### A. Relevant Procedural History

Plaintiff Liza M. Elias brings this action against Defendants Community Resources for Independence ("CRI") and Timothy Finegan ("Finegan"). The original complaint was filed in this matter on January 13, 2012, and has since been amended three times, with the Third Amended Complaint having been filed on May 3, 2013 [ECF No. 22]. The Third Amended Complaint is deemed to have superseded all previous complaints and is the operative pleading in this case.

Plaintiff's claims arise from the termination of her employment with CRI on or about October 3, 2011, which was allegedly motivated by various unlawful considerations. In particular, Plaintiff alleges the following claims: (i) CRI violated the False Claims Act, 31 U.S.C. §3729, *et seq*. ("FCA"), by terminating Plaintiff in retaliation for her report to Defendant's

1

outside CPA of suspected fraudulent activity by CRI; (ii) CRI and Finegan committed interference and retaliation under the Family Medical Leave Act, 29 U.S.C. § 2611, *et seq.* ("FMLA"), by terminating Plaintiff immediately after she returned to work following an approved FMLA leave of approximately nine weeks; (iii) CRI and Finegan violated the Pennsylvania Whistleblower Act, 43 P.S. § 1421, *et seq.* ("PWA") and Pennsylvania public policy, by terminating Plaintiff in retaliation for her report to CRI's outside CPA; and (iv) CRI committed gender discrimination by terminating Plaintiff and replacing her with a male, in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*. ("PHRA"), and the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*("Title VII"). As relief for her claims, Plaintiff seeks to recover lost wages, lost benefits, compensatory and punitive damages, and attorney's fees and costs, as well as reinstatement to her prior position with the same seniority status.

On August 2, 2013, Plaintiff filed a motion for partial summary judgment for FMLA interference [ECF No. 25], to which Defendants have filed a brief in opposition [ECF No. 30]. In addition, Defendants filed their own motion for summary judgment [ECF No. 32] as to all of Plaintiff's claims, to which Plaintiff has filed an opposition brief [ECF No. 36]. This Report and Recommendation is confined to the resolution of Plaintiff's motion for partial summary judgment, which is now ripe for consideration.

### B. Relevant Factual History[1]

Plaintiff was employed by CRI from July 2005 through October 3, 2011. (ECF No. 33, ¶1). She began her employment with CRI as a Billing Supervisor and was subsequently promoted

---

[1] The factual history herein is gleaned from the undisputed material facts of record, as set forth by the parties in Plaintiff's Concise Statement of Material Facts and Defendants' Counterstatement thereto [ECF Nos. 26, 31], and Defendants' Concise Statement of Material Facts and Plaintiff's Counterstatement thereto [ECF Nos. 33, 37].

to her final position of Assistant Controller. (ECF No. 26, ¶ 3; ECF No. 33, ¶ 2). In late 2010, the Commonwealth of Pennsylvania introduced regulatory changes that caused CRI to lay off 40 of its employees between February 2011 and March 2012, in order to reduce costs. (ECF No. 33, ¶¶ 9-11).

In or around July 2011, Plaintiff requested and was granted FMLA leave for the birth of her second child, which began on July 31, 2011. (ECF No. 26, ¶ 5). During Plaintiff's absence, her duties as Assistant Controller were primarily performed by Todd Proper ("Proper"), a long-time employee of CRI who had held the position of Assistant Controller prior to Plaintiff. (ECF No. 33, ¶¶ 5, 15). While Plaintiff was out on leave, Finnegan made the decision to permanently lay her off. (ECF No. 26, ¶ 7; ECF No. 31, ¶ 7). After only nine weeks of FMLA leave, Plaintiff chose to return to work on October 3, 2011, at which time she was notified of her layoff. (ECF No. 33, ¶¶ 17, 22).

### C. **Standard of Review**

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has

failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all

4

reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

"Where the party opposing a motion for summary judgment bears the ultimate burden of proof, the moving party may discharge its initial burden of showing that there is no genuine issue of material fact 'by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" Player v. Motiva Enterprises, LLC, 240 Fed.Appx 513, 522 n4 (3d Cir. 2007) quoting UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). If the moving party has satisfied its initial burden, the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact. Childers v. Joseph, 842 F.2d 689, 694-95 (3d Cir. 1988).

**D.     Discussion**

Section 2615(a)(1) of the FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided" in the FMLA. Where a plaintiff alleges that an employer has interfered with the plaintiff's rights under the FMLA, the plaintiff "only needs to show that he was entitled to benefits under the FMLA and

5

that he was denied them." Callison v. City of Philadelphia, 430 F.3d 117, 119 (3d Cir. 2005), citing 29 U.S.C. §§ 2612(a), 2614(a). "Under this theory, the employee need not show that he was treated differently than others. Further, the employer cannot justify its actions by establishing a legitimate business purpose for its decision." Id. at 119-120.

Here, Plaintiff claims that her permanent layoff on October 3, 2011, interfered with her rights under the FMLA, because she was not restored to the position she held when her leave commenced on July 31, 2011, nor was she restored to an equivalent position, after she returned from her approved FMLA leave, as required by 29 U.S.C. § 2614(a)(1), which states:

>  (a) Restoration to position
> 
>  (1) In general
> 
>  Except as provided in subsection (b) of the section,[2] any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave - -
> 
>  (A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or
> 
>  (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

This restoration right under the FMLA is further amplified by Section 825.214 of FMLA's regulations, which provides, in pertinent part:

>  General rule. On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms

---

[2] Subsection (b) contains an exemption for certain highly compensated employees, which is inapplicable here.

> and conditions of employment. *An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence.*

29 C.F.R. § 825.214 (emphasis added).

The record evidence in this case establishes that Plaintiff was permanently laid off immediately upon her early return from FMLA leave on October 3, 2011. At that time, the Assistant Controller position that Plaintiff held when her leave commenced had been filled by Proper. Yet, according to Section 825.214 of FMLA's regulations, Plaintiff was still entitled to be reinstated, either to her former position or to an equivalent one. Instead, she was laid off and her right to restoration was denied. This is precisely the type of interference that Section 2614(a)(1) of the FMLA was enacted to prevent.

Nonetheless, Defendants argue that Plaintiff's interference claim is nothing more than a disingenuously masked retaliation claim and, as such, must be dismissed as a blatant attempt to "avoid having to prove that [Plaintiff] was terminated in retaliation for having taken FMLA leave in 2011." (See, ECF No. 30, Defendants' Opposition Brief, at p. 7). This argument is misplaced. It is quite clear from Plaintiff's allegations that she is not alleging that she was laid off *because* she took an approved FMLA leave, which is the crux of a retaliation claim. Rather, she essentially claims that Defendants did not reinstate her to her job or an equivalent one after her return, and instead, when it was determined Proper could accomplish her job, she was permanently laid off. In support of this claim, Plaintiff cites the deposition testimony of Defendant Finegan, who testified, in pertinent part, as follows:

> Q. Now, at the time you had this discussion, I take it with Carl Berry,

7

> Q. about [Plaintiff's] request for future time off, was it your thought that she was going to be coming back from her maternity leave or had you already made a decision as of that time that she wasn't going to be sticking around?
>
> A. No, no, I had not made the decision as of that date. The decision was probably made about a month after in September.
>
> Q. A month after August 23, 2011?
>
> A. Yes, was when I knew that Todd [Proper] could do the work and I would be able to layoff [Plaintiff].

(ECF No. 34-3, Transcript of Finnegan's deposition testimony, at p. 47).

The foregoing testimony confirms that Defendants did not make the decision to lay off Plaintiff until approximately two months after she had commenced her FMLA leave, and only after they were assured that Proper was equipped to perform Plaintiff's job functions. This bolsters Plaintiff's allegations that Defendants used the time and opportunity provided by her absence to arrive at the decision to lay her off immediately upon her return to work. By doing so, Defendants denied Plaintiff the right to be restored to her position, or to an equivalent one, which is protected under Section 2614(a)(1) of the FMLA. Accordingly, Plaintiff's motion for partial summary judgment as to her FMLA interference claim should be granted.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for partial summary judgment for FMLA interference [ECF No. 25] be granted, and that judgment be entered in favor of Plaintiff and against Defendants on Plaintiff's FMLA interference claim.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P.

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

                                       <u>/s/ Susan Paradise Baxter</u>
                                       SUSAN PARADISE BAXTER
                                       United States Magistrate Judge

Dated:  February <u>11</u>, 2014

cc:        The Honorable Terrence F. McVerry
           United States District Judge